**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCISCO ANTONIO BURGOS,        :
                                          Civil Action No. 09-1661 (RBK)
       Petitioner,      :

       v.                :    **OPINION**

JOHN GRONDOLSKY, Warden,          :

       Respondent.      :

**APPEARANCES:**

Petitioner pro se
Francisco Antonio Burgos
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

**KUGLER**, District Judge

    Petitioner Francisco Antonio Burgos, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

forma pauperis pursuant to 28 U.S.C. § 1915(a). The sole respondent is Warden John Grondolsky.

Based on his affidavit of indigence, the Court will (1) grant Petitioner's application to proceed in forma pauperis. Because it appears from a review of the Petition that this Court lacks jurisdiction to entertain the Petition, the Court will dismiss the Petition without prejudice. See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner couches the Petition as a challenge to the Bureau of Prisons' calculation of his projected release date.[2]

On May 13, 1999, Petitioner was sentenced in the U.S. District Court for the Eastern District of Pennsylvania to an aggregate term of imprisonment of 246 months' imprisonment for conspiracy to distribute crack cocaine (Count 1), distribution of crack cocaine (Count 2), and use of a gun during a drug trafficking crime (Count 3). See United States v. Burgos, Crim. No. 98-0335 (E.D. Pa. May 13, 1999). Petitioner thereafter filed a motion in the trial court to reduce the term of imprisonment imposed, pursuant to 18 U.S.C. § 3582(c)(2), based on retroactive amendments to the United States Sentencing Guidelines regarding crack cocaine. On October 7, 2008, the trial court granted the

---

[2] This is Petitioner's second petition challenging the BOP's calculation of his release date, on separate grounds. See Burgos v. Grondolsky, Civil No. 09-0752 (D.N.J.) (dismissed without prejudice for failure to exhaust administrative remedie).

motion and reduced Petitioner's sentence to an aggregate term of 204 months, specifically, 144 months as to Counts 1 and 2, to run concurrently, and 60 months as to Count 3, to run consecutively.[3] Petitioner has not filed a direct appeal of this amended sentence nor has he filed in the trial court any motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct this amended sentence.[4]

Here, Petitioner alleges that the amended sentence should have been a total of 144 months, with the 60-month sentence on the weapons offense to be served concurrently to the 144-month sentence on the other two counts. He alleges that he should not have been sentenced to a consecutive 60-month sentence on the weapons offense (Count 3). Petitioner alleges that, had he been properly sentenced to a total 144 month term of imprisonment, he

---

[3] Petitioner is also confined pursuant to his conviction in the U.S. District Court for the Western District of Pennsylvania and amended sentence imposing a term of imprisonment of 168 months, for conspiracy to distribute and possess with intent to distribute crack cocaine, to be served concurrently with the sentence imposed in the Eastern District case. See United States v. Burgos, Crim. No. 94-0027 (W.D. Pa. Dec. 9, 2008).

[4] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

would now be eligible for release.  Thus, he asks this Court to order his immediate release.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

Here, Petitioner contends that he "should have been" sentenced to a concurrent, rather than consecutive, term of imprisonment on the weapons offense, and that he is entitled to habeas relief under § 2241, despite the fact that he has never filed a direct appeal of his amended sentence or a motion to vacate under 28 U.S.C. § 2255, citing as support the decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective,"

5

permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

   Here, Petitioner seeks to challenge the legality of the sentence as imposed, not as executed. Thus, this claim does not arise under § 2241, unless Petitioner can establish jurisdiction under the Dorsainvil exception. Petitioner has not alleged facts suggesting that either direct appeal or a § 2255 motion in the trial court would have been "inadequate or ineffective" to raise the challenge asserted here. To the contrary, Petitioner was aware of this claim before he was sentenced, as he asserted the

6

claim in one of his two motions for re-sentencing. See <u>United States v. Burgos</u>, Crim. No. 98-335-1 (E.D. Pa.) (Docket Entry No. 95). Moreover, the one-year limitations period for filing a § 2255 motion has not yet expired. Accordingly, this Court lacks jurisdiction to entertain this claim under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

It does not appear that it would be in the interest of justice to transfer this Petition to the sentencing court. That court has already had the opportunity to consider this claim, and has rejected it. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

<u>s/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: September 28, 2009